# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RONALD REAL MUEGO,

    Plaintiffs

v.

RICHARD WILLIAM CASSALATA and
KNIGHT TRANSPORTATION INC.,

    Defendants

Case No.: 2:20-cv-00172-APG-DJA

**Order Remanding Case to State Court**

Defendant Knight Transportation, Inc. removed this action on the basis of diversity jurisdiction. ECF No. 1. I ordered Knight to show cause why this case should not be remanded because the amount at issue does not meet this court's jurisdictional amount. ECF No. 13. In response, Knight presents very little information about the amount in controversy. It states that plaintiff Ronald Muego is seeking $15,000 for each of his causes of action. ECF No. 16. Muego filed an opposition to the notice of removal stating that his medical bills are approximately $11,509.20, and that the value of his "claim does not exceed $75,000." ECF No. 15 at 3. Because there are insufficient facts to justify jurisdiction, I will remand this case to state court.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017). This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citations omitted). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. Muego alleges he suffered injuries in a side-swipe automobile accident. ECF No. 15. More than two years after the accident, Muego's medical bills are approximately $11,500.00, with a few more bills to be included. *Id.* Knight offers nothing but speculation about additional medical bills, and there is no evidence of lost past or future wages. Most importantly, Muego admits the total value of the case does not exceed $75,000. *Id.*

Based on my judicial, legal, and practical experience and common sense, I find that Knight has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal,* 556 U.S. at 679. Consequently, I must remand this action to state court.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 18th day of February,, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE